**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,       )<br>           )<br>      Plaintiff,    )<br>           )   No.  CR 13-709-TUC-CKJ<br>vs.          )<br>           )<br>Manuel R. Trujillo,       )      ORDER<br>           )<br>      Defendant.    )<br>_____)| |

The Court has reviewed the Motion for Concurrent Sentence (Doc. 65) filed by Defendant Manuel R. Trujillo ("Trujillo").

Trujillo was committed to the custody of the Bureau of Prisons ("BOP") for a 41 month term, with credit for time served, to be followed by a 36 months supervised release on October 16, 2013.  There is nothing in the docket to indicate Trujillo has not been released from this case.  Indeed, the BOP Inmate Locator found 0 results to match Manuel R. Trujillo.

Further, federal prison policy provides for a transfer of a prisoner in federal custody to state custody.  BOP Program Statement ("PS") 5140.44.  "Any such transfer should occur within a reasonable period of time before the inmate's release from a federal sentence, ordinarily within the last 90 days." PS 5140.44.I.b.2.  The lack of information from the BOP Inmate Locator results in no information before the Court as to whether Trujillo was transferred to state authorities prior to his scheduled release from his federal sentence.  The Court has no basis to conclude Trujillo has not completed his federal sentence, whether entirely in federal custody or partially while in state custody.  It is unclear, therefore, with what federal sentence Trujillo is seeking a concurrent sentence.

Assuming, *arguendo*, Trujillo has not completed his federal sentence, the Court recognizes the state court ordered the federal and state sentences run concurrently. Trujillo attached a state court minute entry which states:

> IT IS FURTHER ORDERED that the sentence imposed herein on April 22, 2014, shall run concurrent with the sentence imposed in the defendant's Federal matter, cause number CR 13-00709-001-TUC-CKJ.

Attachment (Doc. 65-1). However, the Arizona courts do not have the authority to modify this Court's judgment. U.S. Const., art. VI, cl. 2 (the Supremacy Clause); *Taylor v. Sawyer*, 284 F.3d 1143, 1151 (9th Cir. 2002) (the federal power to punish for a federal crime is not constrained by state power, and "[i]n our federal system, state courts are not constitutionally empowered to control punishment for federal crimes"), *abrogated on other grounds*; *Del Guzzi v. United States*, 980 F.2d 1269, 1270 (9th Cir. 1992) (state court lacked the power to direct that the defendant be transported to federal prison to commence his federal sentence, because the state court's authority was limited to sending him to state prison to serve his state sentence). *See also, e.g., United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) (a state court's decision regarding a state sentence cannot alter a sentence in federal court); *McCarthy v. Doe*, 146 F.3d 118, 121 (2nd Cir. 1998) (intent of a state court with respect to a state sentence "is not binding on federal authorities"); *Rambo v. Hogsten*, No. 10–116–ART, 2010 WL 4971970, at *6 (E.D. Ky. Nov. 17, 2010) (a state's declared intent regarding a state sentence cannot dictate the rules governing the computation of a federal sentence, because "[f]ederal law is, after all, supreme to state law"). In other words, state courts and/or state correctional authorities cannot require, by decisions made with respect to a state sentence, how a federal sentence is to be served, including its length.

Further, it is not clear if Trujillo has completed his supervised release term. Indeed, Trujillo does not assert he has been arrested on any alleged violation.[1] It appears Trujillo is

---

[1] Supervised release violations are not controlled by the Speedy Trial Act, 18 U.S. C. § 3661 but rather the Due Process Clause of the Fifth Amendment. *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008). Violations of Supervised Release are governed by Fed.R.Crim.P. 32.1 and the clock does not start until a person "is held in custody for violating . . . supervised release . . ."

in state custody solely by virtue of the sentence he received for a new offense in the State of Arizona. The Sentencing Guidelines have a policy that the sentence imposed for a violation of supervised release is to run consecutively to any sentence imposed for a crime that is the basis for the revocation. *United States v. Contreras*, 63 F.3d 852, 855 (9th Cir. 1995); *see also United States v. Garrett*, 253 F.3d 443, 450 (9th Cir. 2001) (federal government is not required "to writ a defendant out of state custody and bring him before the federal district court for his revocation hearing . . . [which] could prove extremely burdensome"). Additionally, Trujillo has not alleged any actual prejudice by virtue of any detainer for his supervised release from this Court. There is no actual prejudice if Trujillo finishes his present sentence prior to the initiation of any revocation proceedings. *Contreras*, 63 F.3d at 856 (no actual prejudice where defendant is not able to seek concurrent terms of sentence for a supervised release violation with a sentence for an other criminal offense).

Trujillo's motion also discusses correcting/reducing a sentence pursuant to Fed.R.Crim.P. 35. However, such relief requires a motion by the government. Although Trujillo vaguely refers to his conduct post-sentencing, the Court has no basis to believe his conduct constituted substantial assistance to the government. Indeed, the government has not moved to reduce the sentence for substantial assistance. It is not clear if Trujillo is also seeking relief of a clerical error pursuant to Fed.R.Crim.P. 36.[2] To any extent he is seeking such relief, Trujillo has not pointed to any clerical error that arose from oversight or omission that warrants correction.

Trujillo's motion also cites to Ariz.R.Crim.P. 26.13 and 26.14. These state rules provide this Court no authority to modify Trujillo's sentence.

Accordingly, IT IS ORDERED the Motion for Concurrent Sentence (Doc. 65) is DENIED.

. . . . .

---

[2]The motion refers to Rule 26 of the Federal Rules of Criminal Procedure. As Fed.R.Crim.P. 26 addresses trial testimony, for purposes of this Order, the Court accepts this as a reference to Fed.R.Crim.P. 36, which governs correcting or reducing a sentence.

IT IS FURTHER ORDERED the Clerk of Court shall mail a copy of this Order to:

>Manuel R. Trujillo ADC # 160838
>ASP - La Plama CLS I
>5501 N. La Palma Rd.
>Eloy, AZ  85131

DATED this 1st day of April, 2025.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge