**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) | |
| | ) | No.  CR 13-709-TUC-CKJ |
| vs. | ) | |
| | ) | ORDER |
| Manuel R. Trujillo, | ) | |
| Defendant. | ) | |

Pending before the Court is the Motion for Information - Public Records Act (Doc. 72) filed by Defendant Manuel R. Trujillo ("Trujillo").  Trujillo has also filed a Transcript Request (Doc. 73).[1]

*Procedural History*

Trujillo was arrested in this case on March 30, 2013, and ordered released on conditions on April 3, 2013.  A Writ of Habeas Corpus ad Prosequendum ("Writ") was issued on July 10, 2013, directing the Warden, Pima County Detention Center, to produce Trujillo to the United States Marshal Service, who was directed to maintain Trujillo "within the jurisdiction of this Court pending the satisfaction of this writ or further orders of the Court, thereupon to be returned to the facility listed above unless otherwise ordered by the Court." Writ (Doc. 42).[2]

---

[1]Unless otherwise stated, the references to Electronic Case Filing ("ECF") documents are to the above-reference criminal case.

[2]A July 1, 2013, a Writ was also issued, but the record indicates there was insufficient time to secure Trujillo's presence for a scheduled hearing, so a new Writ was issued.

On July 24, 2013, Trujillo pleaded guilty pursuant to a plea agreement to Transportation of Illegal Alien for Profit Causing Serious Bodily Injury, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i), and 1324(a)(1)(B)(iii). Although the Court calculated the advisory guideline range to be 41 to 51 months imprisonment, the plea agreement included a stipulated sentencing range for a criminal history category VI of 33-41 months imprisonment. The plea agreement also provided:

<u>Waiver of Defenses and Appeal Rights</u>

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is within the stipulated range or below the stipulated range if the Court grants a variance. *The defendant further waives*: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; *(4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c).* The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

Plea Agreement (Doc. 51, pp. 4-5), *emphasis added*.

On October 16, 2013, Trujillo was committed to the Bureau of Prisons for a term of 41 months with credit for time served to be followed by 36 months of supervised release on October 16, 2023. Judgment and Commitment (Doc. 60). During the sentencing hearing, the Court specifically stated the credit for time served was for the time Trujillo served relating to the offense in this case.

On June 12, 2024, Trujillo filed a Motion for Concurrent Sentence (Doc. 63). This motion was docketed as a 28 U.S.C. 2255 petition and a civil habeas case was initiated. In the civil case, the Court ordered Trujillo "must file either (a) a notice withdrawing the Motion for Concurrent Sentence (Doc. 1), or (b) an amended 'Motion to Vacate, Set Aside, or

Correct a Sentence by a Person in Federal Custody (Motion Under 28 U.S.C. § 2255), on the court-approved form."  August 28, 2024, Order (CV 24-354, p. 4), *footnote omitted*.  As Trujillo did not make a timely filing as directed, the motion was dismissed and the § 2255 action was closed.

On March 26, 2025, Trujillo filed his second Motion for Concurrent Sentence (Doc. 65).  The Court discussed a state court's inability to alter a state sentence, Fed.R.Crim.P. 35 and 36, and Arizona rules cited by Trujillo in his Motion, then denied the requested relief. April 1, 2025, Order (Doc. 66).

On June 2, 2025, and July 7, 2025, Trujillo filed Motions to Search Records Clerical Error of Detainer (Doc. 67, 68).  The Court found no authority requiring the federal government to comply with state procedural requirements as they relate to the Interstate Agreement on Detainers Act ("IAD") and found it was not appropriate to grant any relief for an alleged violation of Ariz.R.Crim.P. 8.3(c).  Further, because the United States Marshal Service ("USMS") advised the Court that, on October 22, 2013, i.e., following Trujillo's sentencing in this case, Trujillo was returned to Arizona custody from the custody of the USMS before completing his federal sentence, the Court *sua sponte* reconsidered Trujillo's March 26, 2025, Motion.  The Court recognized the primary jurisdiction of the state of Arizona and determined there was no basis to modify the sentence pursuant to 18 U.S.C. § 3582(c).  Additionally, the Court stated:

> [T]he Court was aware that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584.  The Court chose to not order the federal sentence be concurrent with the forthcoming state sentence.

July 8, 2025, Order (Doc. 69, pp.5-6).

On July 10, 2025, Trujillo filed a Request for Final Disposition, Quash Warrants, and/or in the Alternative a Concurrent Prison Term (Doc. 70).  The Court denied the request to quash warrants/detainers, recognized Arizona's right to enforce its sentence before the United States enforces its sentence, and found no basis to direct the service of Trujillo's

- 3 -

1  sentence to begin immediately.   Additionally, the Court declined to again reconsider

2  Trujillo's sentence.  July 31, 2025, Order (Doc. 71).

3         On December 1, 2025, Trujillo filed his Motion for Information - Public Records Act

4  (Doc. 72) and a Transcript Request (Doc. 73).

5

6  *Request for Information*

7         Generally, Trujillo requests a simplified explanation of his prison term and supervised

8  release.  He has also set forth three specific questions:

9         (1) Do I owe prision (sic) time in this Court Once I'm Released in the State of Arizona
          Prison Term?
10
          (2) What will be the Procedures after being Released by the State[']s Order of Prison
11        Term?

12        (3) Is their (sic) Any Motion under Rules and Procedures to speed up the process of
          the Federal and State Prison terms to run Concurrently to each other, If prison time
13        is still warranted in this Jurisdiction of this Court['] Order's[?]

14  Motion (Doc. 72, pp. 1-2).  While it is not the role of the Court to provide legal advice to

15  Trujillo, *see e.g., Parker v. Neven*, No. 2:11-CV-01223-KJD, 2014 WL 3592424, at *7 (D.

16  Nev. July 18, 2014); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have

17  no obligation to act as counsel or paralegal to pro se litigants [as it would . . . ] undermine

18  district judges' role as impartial decisionmakers."), the Court will discuss general legal

19  principles relevant to Trujillo's questions.

20         Because of dual sovereignty, both the United States and the state of Arizona are

21  "responsible for the administration of its own criminal justice system."  *Setser v. United*

22  *States*, 566 U.S. 231, 241 (2012), *citation, quotations and brackets omitted*.  In other words,

23  each jurisdiction determines the outcomes of their cases.  Indeed, "a person who has violated

24  the criminal statutes of both the Federal and State Government may not complain of the order

25  in which he is tried or *punished* for such offenses."  *Gunton v. Squier*, 185 F.2d 470, 471 (9th

26  Cir. 1950), *emphasis added*.  The United States and Arizona each imposed sentences against

27  Trujillo in their separate cases.  Pursuant to dual sovereignty principles, Arizona is entitled

28

to have Trujillo serve the state sentence *prior to* Trujillo serving the federal sentence. As the Court previously advised Trujillo, "Arizona courts do not have the authority to modify this Court's judgment." April 1, 2025, Order (Doc. 66, p. 2). Therefore, although the Arizona court ordered the Arizona sentence to "run concurrent with the sentence imposed in the defendant's Federal matter, cause number CR 13-00709-001-TUC-CKJ[,]" Motion for Concurrent Sentence, Attachment (Doc. 65-1), this state order does not control the federal sentence.

In this case, Trujillo was "committed to the custody of the Bureau of Prisons for a term of FORTY ONE (41) MONTHS with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of THIRTY SIX (36) MONTHS." October 16, 2013, Judgment (Doc. 60, p. 1). As this Court is only responsible for its own criminal justice system, the reference to "credit for time served" refers to time served under federal jurisdiction. Time served for which Trujillo receives credit in the Arizona system does not provide credit against the federal sentence.

Generally speaking, the standard transfer of a prisoner from one sovereignty to another is completed without Court intervention. Other than stating the Arizona Department of Corrections website indicates a federal detainer has been placed against Trujillo, the Court declines to address the procedures that will be implemented upon Trujillo's release from state custody.

Additionally, the Court previously discussed possible modification of a sentence pursuant to 18 U.S.C. § 3582(c), as well as Fed.R.Crim.P. 35 and 36. As discussed, the Court found no basis for reduction of sentence pursuant to those authorities. The Court advises Trujillo 28 U.S.C. § 2255 allows for a collateral attack of a conviction and sentence. However, the Court recognizes Trujillo's initial Motion for Concurrent Sentence was docketed as a § 2255 petition (Doc. 63). The Court ordered Trujillo "must file either (a) a notice withdrawing the Motion for Concurrent Sentence (Doc. 1), or (b) an amended 'Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Motion Under

28 U.S.C. § 2255),' on the court-approved form." August 28, 2024, Order (CV 24-354, p. 4). As Trujillo did not make a timely filing as directed, the motion was dismissed and the § 2255 action was closed.

Trujillo is advised to review his plea agreement to determine whether he has waived the right to bring such an attack, i.e., file an additional §2255 petition. He is also advised to review 28 U.S.C. § 2255(f) to assist in determining whether the filing of a § 2255 petition at this time would be time-barred. The Court will direct the Clerk of Court to provide Trujillo a copy of his plea agreement (Doc. 51). Because Trujillo may choose to proceed with a § 2255 proceeding, the Court will direct the Clerk of Court to provide a copy of the court-approved form to Trujillo.

*Transcript Request* (Doc. 73)

Trujillo filed a request for a transcript of the October 16, 2013, sentencing proceeding. The Clerk of Court notified Trujillo of the deficiencies of the request. The Court notes Trujillo signed the form to certify he would pay all charges, but did provide the date to complete the certification.

The Court finds it appropriate to advise Trujillo he may request the government incur the expense of a transcript in limited circumstances. Trujillo is advised to consider applicable statutes to determine whether he may request the government incur the cost of a transcript. *See e.g.*, 28 U.S.C. § 753(f) (28 U.S.C. §2255 proceedings), 28 U.S.C. 1915(c) (appellate proceeding, for use by a district court). Further, the Court has an "inherent obligation to make sure that claims for *taxpayer provided monies* are justified." *United States v. Fedor*, No. 07-20621-CR, 2008 WL 2264556, at *4 (S.D. Fla. May 7, 2008), *emphasis in original, citation omitted*.

Additionally, to the extent the Clerk of Court advised Trujillo he must provide an email address, Trujillo is advised to provide a personal email address available to him, provide an email address of a prison official authorized to receive such emails and provide

information to Trujillo, or state on the form that an email address is not available. The Court will direct the Clerk of Court to provide a copy of AO 435 - Transcript Order Form and Instructions to Trujillo. *See* https://www.azd.uscourts.gov/sites/azd/files/forms/AO435.pdf; *see also* https://www.azd.uscourts.gov/content/how-do-i-order-transcript-or-cdtape-court-hearing-case.

Accordingly, IT IS ORDERED:

1.   The Motion for Information - Public Records Act (Doc. 72) is GRANTED to the extent information has been provided herein.

2.   The Clerk of Court shall provide a copy of the following documents to Trujillo:

a.  July 24, 2013, Plea Agreement (Doc. 51),

b. Prisoner Form and Instructions - Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, https://www.azd.uscourts.gov/sites/azd/files/forms/2255-instructions-form.pdf,

c. AO 435 - Transcript Order Form and Instructions to Trujillo, https://www.azd.uscourts.gov/sites/azd/files/forms/AO435.pdf.

3.   In the event Trujillo submits a new Transcript Request, the Clerk of Court is directed to accept the E-Mail Box as sufficient if Trujillo provides a personal email address available to him, provides an email address of a prison official authorized to receive such emails and provide information to Trujillo, or states on the form that an email address is not available.

4.   The Clerk of Court shall mail a copy of this Order to:

Manuel R. Trujillo ADC # 160838
ASP - La Plama CLS I
5501 N. La Palma Rd.
Eloy, AZ  85131

DATED this 31st day of December, 2025.

Cindy K. Jorgenson
United States District Judge

1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona
   MATTHEW G. ELTRINGHAM
3  Assistant U.S. Attorney
   United States Courthouse
4  405 W. Congress St., Suite 4800
   Tucson, Arizona 85701
5  Telephone: (520) 620-7300
   E-mail: matthew.eltringham@usdoj.gov
6  Attorneys for Plaintiff

FILED _____ LODGED _____
RECEIVED _____ COPY _____

JUL 2 4 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

7           **UNITED STATES DISTRICT COURT**

8             **DISTRICT OF ARIZONA**

9  **United States of America,**      )      CR-13-709-T-CKJ-LAB
                                       )      13-2274M(LAB)
10            **Plaintiff,**           )
                                       )
11            **v.**                   )
                                       )      **PLEA AGREEMENT**
12 **Manuel Raymundo Trujillo,**       )
                                       )
13            **Defendant.**           )      **(Fast Track 5K3.1)**
   _____)

14      The United States of America and the defendant agree to the following disposition

15 of this matter:

16                            PLEA

17      The defendant agrees to plead guilty to the Information charging the defendant

18 with a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii),

19 1324(a)(1)(B)(i), and 1324(a)(1)(B)(iii) Transportation of Illegal Alien for Profit Causing

20 Serious Bodily Injury, a felony.

21      ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR

22      1.  The defendant knew or was in reckless disregard of the fact that a certain alien

23 had come to, entered, or remained in the United States in violation of law.

24      2.  The defendant knowingly transported or moved such alien within the United

25 States by means of transportation or otherwise in order to help such aliens remain in the

26 //

1  United States illegally.

2        3.    The defendant committed the offense for the purpose of commercial advantage

3  or private financial gain.

4        4.    During and in relation to the offense, the defendant caused serious bodily

5  injury to or placed in jeopardy the life of, any person.

6                    STIPULATIONS, TERMS AND AGREEMENTS

7                              Maximum Penalties

8        A  violation  of  Title  8,  United  States  Code,  Sections  1324(a)(1)(A)(ii),

9  1324(a)(1)(B)(i)  and  1324(a)(1)(B)(iii),  is  punishable  by  a  maximum  fine  of

10  $250,000.00, or a maximum term of imprisonment of twenty (20) years, or both, plus a

11  term of supervised release of three years and a special assessment of $100; the special

12  assessment is due and payable at the time the defendant enters the plea of guilty, and must

13  be paid by the time of sentencing unless the defendant is indigent.   If the defendant is

14  indigent, the special assessment will be collected according to Title 18, United States

15  Code, Chapters 227 and 229.

16                           Agreements Regarding Sentence

17        1. Guideline Calculations: Although the parties understand that the Guidelines are

18  only advisory and just one of the factors the Court will consider under Title 18, United

19  States Code, Section 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed.

20  R. Crim. P., the parties stipulate and agree that the below guideline calculations are

21  appropriate for the charge for which the defendant is pleading guilty:

22      Base Offense Level:                        2L1.1(a)(3)            12
        Reckless substantial risk of bodily harm   2L1.1(b)(6)           +6
23      Acceptance of Responsibility               3E1.1(a) & (b)        -3
24      Early Disposition/Government Savings       5K3.1/5K2.0           -2
        Total Adjusted Offense Level:                                    13
25

26  //

2. <u>Sentencing Range</u>:   Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree that the following is an appropriate disposition of this case, based on the defendants criminal history category (CHC):

CHC I: a sentencing range of 12 – 18 months imprisonment.
CHC II: a sentencing range of 15 – 21 months imprisonment.
CHC III: a sentencing range of 18 – 24 months imprisonment.
CHC IV: a sentencing range of 24 – 30 months imprisonment.
CHC V: a sentencing range of 30 – 37 months imprisonment.
CHC VI: a sentencing range of 33 – 41 months imprisonment.

3. The defendant may withdraw from the plea agreement if he/she receives a sentence that exceeds the stipulated ranges listed above.

4. If the defendant moves for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement. If the defendant argues for a variance under 18 U.S.C. §3553(a) in support of a sentence request below the stipulated range in this agreement, the government may oppose the requested variance.   The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance below the stipulated range in this agreement.

5.   The parties agree that the defendant was an average participant in the offense for the purpose of role analysis under U.S.S.G. §§3B1.1 and 3B1.2.

6.   If the Court, after reviewing this plea agreement, concludes any provision is inappropriate under Rule 11(c)(5), Fed. R. Crim. P., it may reject the plea agreement, giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

//

3

7. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his or her defense attorney. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

8. The government will move to dismiss the remaining counts of the indictment at the time of sentencing.

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or

//

indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement.    The sentence is in accordance with this agreement if the sentence imposed is within the stipulated range or below the stipulated range if the Court grants a variance.    The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case.    If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

<div align="center">Reinstitution of Prosecution</div>

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense

//

committed by the defendant after the date of this agreement.   In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement.   Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated.   In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

<div align="center">Disclosure of Information to U.S. Probation Office</div>

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.   The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing all information requested by the probation officer.

//

### Effect on Other Proceedings

I further understand that if I violate any of the conditions of my supervised release, my supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

### WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

//

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement.   I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

<u>FACTUAL BASIS AND SENTENCING FACTOR</u>

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

> On or about March 30, 2013, at or near Amado, in the District of Arizona, the defendant **Manuel Raymundo Trujillo**, did knowingly transport a group of illegal aliens further into the United States for the purpose of commercial advantage and/or private financial gain.
> The defendant was driving a vehicle and picked up 5 individuals on the side of the road near the Santa Cruz River.  All 5 individuals did not have any legal permission from either the Attorney General or the Secretary of the Department of Homeland Security to enter and/or remain in the United States.  Augustine Lopez-Cacatzum was an illegal alien and identified **Manuel Raymundo Trujillo** as the driver of the vehicle.  **Manuel Raymundo Trujillo** was hired to transport the group to Tucson, Arizona.

//

Augustine Lopez-Cacatzum was charged $500 to be taken to Tucson. **Manuel Raymundo Trujillo** slowed his vehicle, told the individuals to run, and when the rear doors opened **Manuel Raymundo Trujillo** slammed on the brakes. **Manuel Raymundo Trujillo**, knew these individuals were illegally present in the United States and intended to transport these individuals within the United States in further violation of law.

7·3·13
Date

Manuel Raymundo Trujillo,
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the 3rd day of July, 2013.

7/3/13
Date

Stephanie C. Stoltman
Attorney for Defendant

9

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

7/24/13
Date

MATTHEW G. ELTRINGHAM
Assistant United States Attorney

10

**Instructions for Filing a Motion to Vacate, Set Aside, or Correct a Sentence
by a Person in Federal Custody (Motion Under 28 U.S.C. § 2255)
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court.   You also may use this form to challenge a federal judgment that imposed a sentence to be served in the future. You are asking for relief from the conviction or the sentence. This form is your motion for relief.   In this motion, you may challenge only one judgment.  If you want to challenge more than one judgment, you must file a separate motion for each judgment.   **This form should not be used in death penalty cases.**   If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.5(a) requires that motions to vacate must be filed on the court-approved form.**   The form must be typed or neatly handwritten.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages.   The form, however, must be completely filled in to the extent applicable.   You do not need to cite law.   If you want to file a brief or arguments, you must attach a separate memorandum.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>No Filing Fee</u>.   No fee is required with this motion.

5.  <u>Original and Judge's Copy</u>.   You must send an **original and one copy** of your motion and of any other document submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.

6.  <u>Where to File</u>.   You must file the form in the United States District Court that entered the judgment that you are challenging.   When you have completed the form, mail the **original and one copy** to the Clerk of the United States District Court at the division where you were sentenced:

<u>Phoenix & Prescott Divisions</u>:          **OR**          <u>Tucson Division</u>:
U.S. District Court Clerk                                          U.S. District Court Clerk
U.S. Courthouse, Suite 130                                   U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                 405 West Congress Street
Phoenix, Arizona   85003-2119                             Tucson, Arizona   85701-5010

7.  <u>Change of Address</u>.   You must immediately notify the Court and respondents in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must provide the respondent with a copy of any document you submit to the Court (except the initial motion to vacate).  Each original document (except the initial motion to vacate) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondent and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>                          Attorney for Respondent
>
> _____
> (Signature)

9.  <u>Amended Motion to Vacate</u>.  If you need to change any of the information in the initial motion to vacate, you must file an amended motion.  The amended motion must be written on the court-approved motion to vacate form.  You may file one amended motion without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended motion to vacate.  LRCiv 15.1.  An amended motion may not incorporate by reference any part of your prior motion.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended motion to vacate are considered dismissed.**

10.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11.  <u>Grounds for Relief.</u>  You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this motion will likely be barred from being raised at a later date.

### FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your motion being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the motion is being continued and number all pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

**United States of America**,

Plaintiff,

v.

_____ ,

(Full name of Movant. Include the name under
which you were convicted.)

Defendant/Movant.

**No. CR** _____
(Enter your criminal case number)

**No. CV** _____
(To be supplied by the Clerk)

**MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE OR
CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY**

1. (a)   Name and location of court that entered the judgment of conviction you are challenging: _____
_____
_____

   (b)   Criminal docket or case number: _____

2. Date of judgment of conviction: _____

3. In this case, were you convicted on more than one count or crime?          Yes ☐          No ☐

4. Identify all counts and crimes for which you were convicted and sentenced in this case: _____
_____
_____
_____

**510**

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a)  What was your plea?
    Not guilty                                    ☐
    Guilty                                        ☐
    Nolo contendere (no contest)                  ☐

    (b)   If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give
    details: _____

_____

_____

_____

_____

_____

    (c)  If you went to trial, what kind of trial did you have?   (Check one)      Jury ☐      Judge only ☐

7.  Did you appeal from the judgment of conviction?      Yes ☐      No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

8.  Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

2

(b)  Docket or case number: _____

(c)  Result: _____

(d)  Date of result: _____

(e)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9.  Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any court?       Yes ☐        No ☐

If yes, answer the following:

(a)  First petition, application or motion.

(1)  Date you filed: _____

(2)  Name of court: _____

(3)  Nature of the proceeding: _____

(4)  Docket or case number: _____

(5)  Result: _____

(6)  Date of result: _____

(7)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second petition, application or motion.

(1)  Date you filed: _____

3

(2)  Name of court: _____

(3)  Nature of the proceeding: _____

(4)  Docket or case number: _____

(5)  Result: _____

(6)  Date of result: _____

(7)  Grounds raised: _____

_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Did you appeal the action taken on your petition, application or motion?

(1)  First petition:      Yes ☐          No ☐

(2)  Second petition:  Yes ☐          No ☐

(d)  If you did not appeal from the action your petition, application or motion, explain why you did not:

_____
_____
_____
_____
_____
_____
_____
_____
_____

10. For this motion, beginning on the next page, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.   State the <u>facts</u> supporting each ground.

    <u>**CAUTION**</u>:  <u>If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

4

**GROUND ONE**: _____

_____
_____
_____
_____
_____

    (a)  Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

    (b)  Did you present the issue raised in Ground One to the court of appeals?   Yes ☐         No ☐

    (c)  If you did not raise this issue in a direct appeal, explain why: _____

_____
_____
_____
_____
_____
_____

**GROUND TWO**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you present the issue raised in Ground Two to the court of appeals?   Yes ☐                    No ☐

    (c)  If you did not raise this issue in a direct appeal, explain why: _____

_____

_____

_____

_____

_____

_____

**GROUND THREE**: _____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you present the issue raised in Ground Three to the court of appeals? Yes ☐        No ☐

    (c)  If you did not raise this issue in a direct appeal, explain why: _____

_____

_____

_____

_____

_____

_____

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you present the issue raised in Ground Four to the court of appeals?   Yes ☐       No ☐

    (c)  If you did not raise this issue in a direct appeal, explain why: _____

_____

_____

_____

_____

_____

_____

8

**Please answer these additional questions about this motion:**

11. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?          Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

12. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?          Yes ☐          No ☐

    If yes, answer the following:

    (a)   Name and location of the court that imposed the sentence to be served in the future: _____

_____

    (b)   Date the sentence was imposed: _____

    (c)   Length of the sentence: _____

    (d)   Have you filed, or do you plan to file, any motion, petition or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

13. TIMELINESS OF MOTION: If your judgment of conviction challenged in this motion became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2255 does not bar your motion.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    **\*Section 2255 provides in part that:**

    A 1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of —
        (1)   the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

14.   Movant asks that the Court grant the following relief: _____

_____

_____

_____

or any other relief to which Movant may be entitled.   (Money damages are not available in § 2255 cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Movant**


_____                    _____

Signature of attorney, if any                                                                Date

10

✎AO 435
AZ Form (Rev. 10/2023)

Administrative Office of the United States Courts

**TRANSCRIPT ORDER**

FOR COURT USE ONLY
DUE DATE:

| 1. NAME | 2. PHONE NUMBER | 3. DATE |
|---|---|---|
| | | |

| 4. FIRM NAME |
|---|
| |

| 5. MAILING ADDRESS | 6. CITY | 7. STATE | 8. ZIP CODE |
|---|---|---|---|
| | | | |

| 9. CASE NUMBER | 10. JUDGE | DATES OF PROCEEDINGS | |
|---|---|---|---|
| | | 11. | 12. |

| 13. CASE NAME | LOCATION OF PROCEEDINGS | |
|---|---|---|
| | 14. CITY | 15. STATE |

**16. ORDER FOR**

| APPEAL | CRIMINAL | CRIMINAL JUSTICE ACT | BANKRUPTCY |
|---|---|---|---|
| NON-APPEAL | CIVIL | IN FORMA PAUPERIS | OTHER (Specify) |

**17. TRANSCRIPT REQUESTED** (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested.)

| PORTIONS | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| VOIR DIRE | | TESTIMONY (Specify) | |
| OPENING STATEMENT (Plaintiff) | | | |
| OPENING STATEMENT (Defendant) | | | |
| CLOSING ARGUMENT (Plaintiff) | | PRE-TRIAL PROCEEDING | |
| CLOSING ARGUMENT (Defendant) | | | |
| OPINION OF COURT | | | |
| JURY INSTRUCTIONS | | OTHER (Specify) | |
| SENTENCING | | | |
| BAIL HEARING | | | |

**18. ORDER**

| CATEGORY | ORIGINAL + 1 (original to Court, copy to ordering party) | FIRST COPY | # OF ADDITIONAL COPIES | DELIVERY INSTRUCTIONS (Check all that apply.) | ESTIMATED COSTS |
|---|---|---|---|---|---|
| 30-Day (Ordinary) | | | | PAPER COPY | |
| 14-Day Transcript | | | | | |
| 7-Day (Expedited) | | | | PDF (e-mail) | |
| 3 -Day Transcript | | | | | |
| Next-Day (Daily) | | | | ASCII (e-mail) | |
| 2-Hour (Hourly) | | | | | |
| Realtime Transcript | | | | E-MAIL ADDRESS | |

| CERTIFICATION (19. & 20.) By signing below, I certify that I will pay all charges (deposit plus additional). | |
|---|---|
| | **NOTE:  IF ORDERING MORE THAN ONE FORMAT, THERE WILL BE AN ADDITIONAL CHARGE.** |
| 19. SIGNATURE | |
| 20. DATE | |

| TRANSCRIPT TO BE PREPARED BY | ESTIMATE TOTAL | |
|---|---|---|
| ORDER RECEIVED | DATE | BY | PROCESSED BY | PHONE NUMBER |

| ORDER RECEIVED | DATE | BY | PROCESSED BY | PHONE NUMBER |
|---|---|---|---|---|
| DEPOSIT PAID | | | DEPOSIT PAID | |
| TRANSCRIPT ORDERED | | | TOTAL CHARGES | |
| TRANSCRIPT RECEIVED | | | LESS DEPOSIT | |
| ORDERING PARTY NOTIFIED TO PICK UP TRANSCRIPT | | | TOTAL REFUNDED | |
| PARTY RECEIVED TRANSCRIPT | | | TOTAL DUE | |

**DISTRIBUTION:** COURT COPY    TRANSCRIPTION COPY    ORDER RECEIPT    ORDER COPY

**Use.** Use this form to order transcript of proceedings. Complete a separate order form for each case number for which transcript is ordered.

**Completion.** Complete Items 1-20. Do not complete shaded areas which are reserved for the court's use.

**Order Copy.** Keep a copy for your records.

**Filing with the Court.** Parties to the case (and attorneys admitted to practice in our Court) must electronically file the original in the ECF system. Non-parties and pro se litigants should deliver a copy to the Office of the Clerk of Court or email a copy to the following email address:
    Phoenix:   [phxao435transcriptorders@azd.uscourts.gov](mailto:phxao435transcriptorders@azd.uscourts.gov)        Tucson:   [tucao435transcriptorders@azd.uscourts.gov](mailto:tucao435transcriptorders@azd.uscourts.gov)

**Deposit Fee.** The court will notify you of the amount of the required deposit fee which may be mailed or delivered to the court. Upon receipt of the deposit, the court will process the order.

**Delivery Time.** Delivery time is computed from the date of receipt of the deposit fee or for transcripts ordered by the federal government from the date of receipt of the signed order form.

**Completion of Order.** The court will notify you when the transcript is completed.

**Balance Due.** If the deposit fee was insufficient to cover all charges, the court will notify you of the balance due which must be paid prior to receiving the completed order.

| | |
|---|---|
| **Items 1-20.** | These items should always be completed. |
| **Item 9.** | Only one case number may be listed per order. |
| **Item 16.** | Place an "X" in each box that applies. |
| **Item 17.** | Place an "X" in the box for each portion requested. List specific date(s) of the proceedings for which transcript is requested. Be sure that the description is clearly written to facilitate processing. Orders may be placed for as few pages of transcript as are needed. |
| **Item 18.** | <u>Categories.</u> There are seven (7) categories for ordering transcripts. Orders are considered received upon receipt of the deposit: |

<div style="margin-left:4em">

<u>*30-Day Transcript (Ordinary)*</u>. A transcript to be delivered within thirty (30) calendar days after receipt of an order.

<u>*14-Day Transcript*</u>. A transcript to be delivered within fourteen (14) calendar days after receipt of an order.

<u>*3-Day Transcript*</u>. A transcript to be delivered within three (3) calendar days from receipt of an order.

<u>*7-Day Transcript (Expedited)*</u>. A transcript to be delivered within seven (7) calendar days after receipt of an order.

<u>*Next-Day Transcript (Daily)*</u>. A transcript to be delivered on the calendar day following receipt of the order (regardless of whether that calendar day is a weekend or holiday) prior to the normal opening hour of the Clerk's Office.

<u>*2-Hour Transcript (Hourly)*</u>. A transcript of proceedings to be delivered within two (2) hours from receipt of the order.

<u>*Realtime Transcript*</u>. A draft unedited transcript produced by a certified realtime reporter as a by-product of realtime to be delivered electronically during proceedings or immediately following adjournment.

</div>

**NOTE**: Full price may be charged only if the transcript is delivered within the required time frame. For example, if an order for expedited transcript is not completed and delivered within seven (7) calendar days, payment would be at the 14-day *delivery* rate, and if not completed and delivered within 14 calendar days, payment would be at the ordinary delivery rate.

**Ordering**. Place an "X" in each box that applies. Indicate the number of additional copies ordered.

<div style="margin-left:4em">

<u>*Original*</u>. Original typing of the transcript. An original must be ordered and prepared prior to the availability of copies. The original fee is charged only once. The fee for the original includes the free copy for the court.

<u>*First Copy*</u>. First copy of the transcript after the original has been prepared. All parties ordering copies must pay this rate for the first copy ordered.

<u>*Additional Copies*</u>. All other copies of the transcript ordered by the same party.

<u>*Delivery Instructions*</u>. Place an "X" in each box that applies. If ordering both paper and electronic copies, there will be an additional copy charge. Provide e-mail address where electronic e-mail copy should be sent.

</div>

| | |
|---|---|
| **Item 19.** | Sign in this space to certify that you will pay all charges. (This includes the deposit plus any additional charges.) |
| **Item 20**. | Enter the date of signing. |
| **Shaded Area.** | Reserved for the court's use. |